UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIEFER CONSTRUCTION, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF TACOMA, a Washington Municipal Corporation,<br><br>    Defendant. | Case No. C09-5003 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FEDERAL CLAIMS AND DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS |

This matter comes before the Court on the Defendant City of Tacoma's motion for summary judgment dismissing the claims of Plaintiff Piefer Construction, Inc.'s arising from the City's processing of Piefer's residential development projects. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and **GRANTS** the motion in respect to Plaintiff's federal claims and declines to exercise jurisdiction over the state law claims.

**Introduction and Background**

In 2006, Piefer Construction began the development process for two plats within the Tacoma City limits. One project - MacKenzie Estates - was a twenty-one lot residential plat, and

ORDER - 1

the other project - 74th Street - was a six lot residential plat. On August 28, 2006, the City of Tacoma Hearing Examiner issued a decision approving the preliminary plat for MacKenzie Estates. Dkt. 18-1 pg. 3-18. On August 24, 2006, the City of Tacoma Land Use Administrator issued a decision approving the preliminary plat for 74th Street. Dkt. 18-1 pg. 20-36.

Thereafter, Plaintiff filed applications for the construction permits (grade and fill permit and work order permit) for these two projects and submitted plans to the City of Tacoma for review. Dkt. 1 pg. 8. Following a lengthy review process, which involved multiple submittals and corrections, the construction permits for MacKenzie Estates received final approval on September 5, 2008; the construction permits for 74th Street received final approval on January 30, 2009. Dkt. 18-1 pg 38-40.

It is this lengthy review process which forms the basis of Plaintiff's claims. Plaintiff asserts that during the construction permit review process, the City made multiple errors, such as providing inaccurate information, failure to meet timelines, lost submissions, and mistaken approval of the plans before the review process was complete. Dkt. 1 pg. 8. Plaintiff alleges that due to negligence, delays and improper actions taken by the City, delays have resulted in Plaintiff losing the sale of McKenzie Estates, loan extensions, property devaluation, project cost increases. Dkt. 1 pg. 10.

After filing a claim with the City, Plaintiff filed this action in Pierce County Superior Court asserting federal and state law claims. Specifically, Plaintiff asserts causes of action for (1) negligence, (2) untimely and/or arbitrary permit processing pursuant to RCW 64.40.020, and (3) 42 U.S.C.1983 for acting with deliberate indifference in review process. Dkt. 1 pg. 11-15.

The City subsequently removed this case to this Court on the basis of federal question jurisdiction, Plaintiff having asserted a cause of action pursuant to 42 U.S.C. § 1983. The City presently moves for summary judgment contending there are no disputed facts material to the

ORDER - 2

motion and all Plaintiff's claims fail as a matter of law.[1]

## Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Id. at 324. "Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995). Factual disputes, the resolution of which would not affect the outcome of the suit, are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## 42 U.S.C. § 1983

An action under 42 U.S.C. § 1983 is provided for the vindication of violations of federal constitutional or statutory rights. In order to state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the

---

[1] Although complaint is unclear, it could be read to assert a federal claim of violation of Article 1 section 10 of the U.S. Constitution. Dkt. 1 pg. 14. The City moved to dismiss any such claim and the Plaintiff did not respond to this aspect of the motion. Accordingly, any asserted federal cause of action for violation of Article 1 section 10 is dismissed. See Local Rule CR 7(b)(2).

ORDER - 3

appropriate remedy only if both elements are satisfied. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.1985). In addition, plaintiffs must allege facts demonstrating that individual defendants caused, or personally participated in causing, the alleged harm. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978).

Although unclear in Plaintiff's complaint, it is apparent from Piefer's response to the City's motion for summary judgment that Plaintiff's Section 1983 claims allege both substantive and procedural due process violations resulting from the delays in the City's processing of its residential development applications.

**Due Process**

The Fifth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, prohibits states from depriving "any person of life, liberty, or property, without due process of law." It is axiomatic that the due process guarantees of the Fourteenth Amendment apply only when constitutionally protected liberty or property interests are at stake. See *Cassidy v. State of Haw.*, 915 F.2d 528, 530 (9th Cir .1990). Plaintiff alleges claims of both substantive and procedural due process violations. Under both theories, Plaintiff must first show that it had a property interest subject to constitutional protection. See *Wedges/Ledges of California v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). The Supreme Court has emphasized that property interests arise only when the relevant state law provisions make conferral of the benefit truly mandatory. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005). In the land use context, a landowner has a protected property interest in validly issued permits and approved plats. See *Weinberg v. Whatcom County*, 241 F.3d 746, 753 (9th Cir. 2001). A landowner may also have a protected property interest in a subdivision plan or permit application where the landowner has complied with all requirements of the applicable regulations, and the permit issuing authority

ORDER - 4

has no discretion to deny the permit.  See *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988).

It is unclear as to whether Plaintiff has a protectable property interest under Washington law regarding the processing of the residential development permits at issue.   However, for the purposes of further analysis of the due process claims, it will be assumed Plaintiff has a protectable property interest in a development permit.

**Substantive Due Process**

The Plaintiff alleges that the delays in the City's processing of its residential development applications resulted in a denial of substantive due process.  A land use regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of due process.  *Lingle v. Chevron U.S.A. Inc*., 544 U.S. 528, 542 (2005); *North Pacifica LLC v. City of Pacifica,* 526 F.3d 478, 484 (9th Cir. 2008).  Thus, a due process claim is presented where a land use action lacks any substantial relation to the public health, safety, or general welfare.  *North Pacifica*, at 484; *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855-56 (9th Cir. 2007).

To maintain a substantive due process claim, Plaintiff must show that the City's delays in processing its application lacked a rational relationship to a government interest. See *North Pacifica, at 485;  Crown Point Dev., Inc*., at 856; *Christensen v. Yolo County Bd. of Supervisors*, 995 F.2d 161, 165 (9th Cir.1993).  This presents an "extremely high" burden for the plaintiff.  *Del Monte Dunes v. Monterey,* 920 F.2d 1496, 1508 (9th Cir.1990).  The plaintiff must establish a deprivation of property that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.  *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

More specifically, when executive action like a discrete permitting decision is at issue, only egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective.  *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir .2008). Also, a legally erroneous interpretation of zoning law by officials is not necessarily arbitrary, in the constitutional sense. *Id*.

ORDER - 5

at 1089.  The focus the is on whether there was egregious or arbitrary governmental conduct.  In *City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation*, 538 U.S. 188, 198-199 (2003), the Supreme Court stated:

> [T]he city engineer's refusal to issue the [building] permits while the petition [for repeal of a municipal housing ordinance authorizing construction of the low-income housing complex at issue] was pending in no sense constituted egregious or arbitrary government conduct.

In *Mongeau v. City of Marlborough*, 492 F.3d 14 (1st Cir. 2007), a developer claimed a deprivation of property without substantive due process.  Plaintiff Mongeau alleged that Stephen Reid, the City's Commissioner of Inspectional Services, denied him a building permit and interfered in the zoning process for improper reasons.  The court held that the shocks-the-conscience standard applied to the substantive due process claim, and that the city official's conduct in opposing the developer's building permit did not shock the conscience. The court stated:

> If Mongeau believes that the City or Reid has wrongly charged or demanded too much for his building permit, he may find recourse in other laws, but not in the substantive component of the Due Process Clause of the Fourteenth Amendment. Such conduct, without more, cannot be said to transgress "some basic and fundamental principle ... [such] that 'the constitutional line has been crossed' " and our conscience is shocked.

Id., at 20.

In *Torromeo v. Town of Fremont, New Hampshire*, 438 F.3d 113 (1st Cir. 2006), the court held that the town's unjustified delay in issuing previously approved building permits after enacting a growth control ordinance did not shock the conscience, and thus did not deprive the plaintiff of property without substantive due process, even though the town did not follow procedures mandated by state law in enacting the ordinance.  The court reasoned:

> This Court has repeatedly held that rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process. Even where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation. The doctrine of substantive due process does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law. Rather, substantive due process prevents governmental power from being used for

ORDER - 6

> purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational in that it is not sufficiently keyed to any legitimate state interest. Although we have the left door [sic] slightly ajar for federal relief in truly horrendous situations, the threshold for establishing the requisite abuse of government power is a high one indeed.

*Id.*, at 118. Accord *SFW Arecibo Ltd. v. Rodríguez*, 415 F.3d 135, 141 (1st Cir. 2005)

In *Arecibo*, real estate developers sued after a state planning board incorrectly determined that their building permit had expired. When suit was filed, the state court had already determined that the permit had been wrongly revoked. The first Circuit affirmed the dismissal of the substantive due process claim because the complaint stated "[i]n its strongest form ... that the [p]lanning board made an erroneous decision in violation of state law," which is insufficient to establish a substantive due process violation. *Id*. at 141.

In *Eichenlaub v. Indiana Twp*., 385 F.3d 274 (3rd Cir. 2004) the Court held zoning officials did not violate landowners' substantive due process rights when they allegedly applied subdivision requirements to their property that were not applied to other parcels, pursued unannounced and unnecessary inspection and enforcement actions, and delayed certain permits and approvals in violation of state law.  The court held the officials' actions did not shock the conscience, and thus did not constitute a substantive due process violation, but rather were examples of the kind of disagreement that was frequent in planning disputes.  *Id*, at 286.

There is no question that the City's building and safety codes are a legitimate exercise of the City's police powers.  Plaintiff makes no showing that the City's request for additional information or changes to the plans for these construction permits failed to advance any legitimate public purpose.  The conduct Plaintiff alleges, an overly lengthy, error-filled permitting process, falls far short of being constitutionally arbitrary.  There is no suggestion, for instance, of a sudden change in course, malice, bias, pretext or, indeed, anything more than a lack of due care on the City's part.  Plaintiff has not presented evidence of any conduct by City officials that is so outrageous or arbitrary as to shock the conscience. Rather, the evidence indicates conduct, regardless of possible negligence

ORDER - 7

or violation of state statute, intended to further the legitimate land use planning interests of the City of Tacoma.

Plaintiff's substantive due process claim fails as a matter of law.

**Procedural Due Process**

Plaintiff also asserts a claim for violation of procedural due process. The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319 (1976). To succeed on a deprivation of procedural due process claim, an individual must show: (1) he possessed a protected interest to which due process protections were applicable; and (2) he was not afforded an appropriate level of process. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir .2008). In determining what process is due, the court considers: (1) the private interest the official action will affect; (2) the risk of depriving that interest erroneously through the procedures used, and the value, if any, of further safeguards; and (3) the burden on the government additional procedures would entail. See *Mathews* at 335. Due process is satisfied as long as available procedures provide a meaningful opportunity for determining rights and liabilities. *Mathews* at 333.

Plaintiff has failed to articulate how it was deprived of a meaningful opportunity to be heard. Plaintiff simply responds that City employees were improperly trained, did not properly perform their duties, and the permit applications were improperly delayed for over two years.

The Court finds that these contentions do not support a procedural due process claim. The fact that Plaintiff may have suffered damages due to a perceived delay in the permitting process does not, per se, provide Plaintiff with a federal procedural due process claim. The City has set forth evidence of the administrative appeals process that Plaintiff could have utilized to address Plaintiff's assertion of unfairly imposed conditions upon its construction permits. Plaintiff does not dispute these procedures. Nor did Plaintiff avail itself of these administrative review procedures.

Plaintiff's procedural due process claim fails as a matter of law.

ORDER - 8

**State Law Claims and Supplemental Jurisdiction**

In addition to the federal due process claims, Plaintiff alleges state law causes of action for negligence and untimely and/or arbitrary permit processing pursuant to RCW 64.40.020.

This action was removed to federal court on the basis of federal question jurisdiction pursuant to Plaintiff's 42 U.S.C. §1983 claims. The complaint asserts no basis for diversity jurisdiction. As such, all state law claims are before this Court pursuant to supplemental jurisdiction. See 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 n. 2 (9th Cir. 1997). Given that the Court has dismissed the federal cause of action giving rise to this Court's original jurisdiction, and Plaintiffs' remaining state law claims raise land use issues more appropriately determined by the state courts, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See *West Coast, Inc. v. Snohomish County,* 33 F.Supp.2d 924 (W.D. Wash. 1999).

**Conclusion**

The Court finds that Plaintiff has failed to raise a genuine issue of fact supporting the 42 U.S.C. § 1983 claims for violation of substantive and procedural due process. The Court declines jurisdiction over Plaintiff's state law claims.

**ACCORDINGLY, IT IS ORDERED**:

Defendant's Motion for Summary Judgement [Dkt. 17] is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claims for due process violations are **DISMISSED WITH PREJUDICE**. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and they are **DISMISSED WITHOUT PREJUDICE**.

DATED this 3rd day of September, 2010.

RONALD B. LEIGHTON  
UNITED STATES DISTRICT JUDGE

ORDER - 9